**YAN YUN CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

**No. 08–5788–ag.**

United States Court of Appeals, Second Circuit.

Oct. 8, 2009.

Fuhao Yang, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, William C. Peachey, Assistant Director, Theo Nickerson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: RALPH K. WINTER, ROBERT A. KATZMANN and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Yan Yun Chen, a native and citizen of the People's Republic of China, seeks review of an October 28, 2008 order of the BIA, affirming the December 19, 2006 decision of Immigration Judge ("IJ") Thomas J. Mulligan, which denied Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Yun Chen*, No. A095 687 306 (B.I.A. Oct. 28, 2008), *aff'g* No. A095 687 306 (Immig. Ct. N.Y. City Dec. 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

When "the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005) (per curiam). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the agency's denial of Chen's application for asylum, withholding of removal, and relief under the CAT. The agency did not err in basing its adverse credibility determination in part on inconsistencies between Chen's testimony and asylum application, on the one hand, and the transcript of her airport interview, on the other. Specifically, the agency noted that Chen testified and stated in her asylum application that the police had searched her home and were looking for her because she had allowed a friend who sold Falun Gong books to hide in her home, and that she began practicing Falun Gong only after she came to the U.S. In contrast, Chen told a different story at her airport interview, wherein she stated that: (1) she was a member of the "Falungong association" in China; (2) she sometimes practiced Falun Gong in the park in China; and (3) the Chinese police were looking for her and her friend because of Chen's membership in the "Falungong association." These were substantial discrepancies that served to undermine Chen's credibility. *See Ramsameachire v. Ashcroft,* 357 F.3d 169,

180–81 (2d Cir.2004) ("Where the alien's airport statements and his or her later testimony present materially different accounts of his or her purported persecution, ... the inconsistencies may render the alien's testimony incredible.").

To the extent Chen argues that the record of her airport interview was unreliable because "[i]mmigrants are unfamiliar with the governmental procedures and will do anything and say anything for fear of being returned to the country that they are fleeing," Pet'r Br. 16, we find this claim to be without merit. *See Yun–Zui Guan,* 432 F.3d at 396, 397 n. 6, 399 n. 8 (finding that an applicant's "mere recitation that she was nervous or felt pressured during an airport interview will not automatically prevent" the agency from relying on the interview for an adverse credibility determination as long as the agency acknowledges and evaluates this explanation). We find that the record of the airport interview was "sufficiently accurate." *See Ramsameachire,* 357 F.3d at 179.

In addition, the agency did not err in relying on the omission from Chen's asylum application and her father's letter of any assertion that police have been to her home searching for her every two to three days since she departed. The agency reasonably found that this omission undermined Chen's credibility. *See Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453–54 (2d Cir.2006) (per curiam) (holding that the agency properly relied on the petitioner's omission of his wife's forced abortion in an earlier asylum application to determine that the petitioner was not credible). Furthermore, the agency was not required to accept Chen's explanation for this omission—that she was not asked about it and that her father was poorly educated. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005); *see also Xian Tuan Ye v. DHS,* 446 F.3d 289, 295–96 (2d Cir.2006)(per cu-

riam) (holding that an applicant's failure to include any reference to his alleged detention and beating in his I–589 form is a "self evident" inconsistency that the agency may rely on without first soliciting an explanation).

Finally, the agency did not err in finding incredible the testimony of Chen's only other witness, her sister. The IJ found that Chen's sister "exhibited nervousness in response to ... questions" about her address, first testifying that she lived in Brooklyn, but then admitting that she had lived and worked in Texas for over a year. Because Chen's sister's testimony was offered to support Chen's claim that she practiced Falun Gong in the U.S., Chen's sister's address, and therefore her ability to observe Chen practicing, was critical. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Even if it was not, the IJ did not err in declining to accord weight to Chen's sister's dubious testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006).

Ultimately, we find that the agency's adverse credibility determination was supported by substantial evidence. *See Corovic*, 519 F.3d at 95. Thus, the agency's denial of Chen's application for asylum, withholding of removal, and CAT relief was proper where all three claims were based upon the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.